IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**CHRISTOPHER CARTER**,

    Plaintiff,

  v.

**FRED MEYER JEWELERS, INC.**, a California Corporation,

    Defendant.

Case No. 3:16-cv-00883-YY

**ORDER**

**Michael H. Simon, District Judge.**

    United States Magistrate Judge Youlee Yim You issued Findings and Recommendation in this case on April 10, 2019. ECF 103. Magistrate Judge You recommended that Defendant's Motion for Partial Summary Judgment (ECF 62) and Motion to Dismiss (ECF 71) should be denied against the First Claim and Second Claim, granted against the Third Claim, and granted in part and denied in part against the Sixth Claim. ECF 103 at 27.

    Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C.

§ 636(b)(1). If a party files objections to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Defendant timely filed an objection (ECF 108) to which Plaintiff responded. ECF 111. Defendant objects to the portion of Magistrate Judge You's recommendation finding a genuine dispute of material fact as to whether Defendant's reasons for terminating Plaintiff were pretext designed to hide an unlawful motivation to interfere with Plaintiff's medical leave. Judge You reviewed the entire record in this case and concluded that there is a genuine dispute of fact as to whether Plaintiff, a supervisor at Fred Meyer Jewelers, engaged in fraud or merely made a mistake while adjusting an employee's timesheets and punch card entries. Judge You also noted that Defendant's own policies require termination for conduct involving fraud or dishonesty, but do not require termination for conduct involving mistake. The Court agrees with Judge You that

Plaintiff has established that a genuine dispute of material fact exists as to whether Plaintiff's medical leave was a negative factor in Defendant's decision to terminate Plaintiff. The Court has reviewed de novo those portions of the Findings and Recommendation to which Defendant objects and has reviewed the remainder of the Findings and Recommendation for clear error.

Finding no error, the Court ADOPTS the Findings and Recommendation (ECF 103). Defendant's Motion for Partial Summary Judgment (ECF 62) and Motion to Dismiss (ECF 71) are denied against the First Claim and Second Claim, granted against the Third Claim, and granted in part and denied in part against the Sixth Claim.

**IT IS SO ORDERED.**

DATED this 16th day of July, 2019.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge